VAIDIK, Judge,
concurring in result.
I concur with the majority opinion in whole, including that the Certification asserting the accuracy of the breath-testing device is non-testimonial and therefore the trial court did not violate Jones’s confrontation rights by admitting it into evidence.
I wrote the opinion in Ramirez v. State, 928 N.E.2d 214 (Ind.Ct.App.2010), which was decided before Williams v. Illinois, — U.S. —, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012). I agree with the majority that the Supreme Court’s later decision in Williams would not affirm the third rationale articulated in Ramirez. However, I disagree with the majority’s refraining of *434 that third rationale in light of Williams. Instead of finding that the certificates of inspection are “prepared for purposes of criminal litigation, ... [but] are not prepared in anticipation of litigation in any particular case or with respect to implicating any specific defendant,” id. at 218, the majority would find that the “primary purpose [of the certificates of inspection] is to ensure that certain breath test equipment is in good operating condition in compliance with Ind.Code § 9-30-6-5.” Op. p. 428. I respectfully disagree with this. I still believe that these certificates of inspection are generally “prepared for purposes of criminal litigation.” Therefore, in light of the Supreme Court’s decision in Williams, I would simply eliminate the third rationale articulated in Ramirez.
Despite this difference, I still agree with the majority that the Certification is non-testimonial and therefore not subject to confrontation under Crawford v. Washington, 541 U.S. 36, 68-69, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Following the first two rationales set forth in Ramirez, the certificate of inspection was “not prepared at a judicial proceeding or during police interrogation,” and was not a “sworn affidavit ] and do[es] not contain formalized testimonial materials.” Ramirez, 928 N.E.2d at 217-18. Instead, the certificate was prepared at the direction of the Indiana University School of Medicine Department of Pharmacology and Toxicology and in accordance with its approved procedures. The certificate also was not a sworn affidavit and only contained the results of a machine-calibration test. Unlike forensic analysis of an unknown substance, like that at issue in Melendez-Diaz v. Massachusetts, 557 U.S. 305, 308, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), the machine-calibration test in question in this case required no human interpretation or analysis to either run the test or obtain results, making it void of any testimonial material on which a witness would need to be cross-examined.
I therefore agree with the majority that the Certification is non-testimonial and the trial court did not violate Jones’s confrontation rights by admitting it into evidence.